IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: Farmers Insurance Co., Inc. FCRA litigation.<br><br>Judge Friot | ) Western Dist. Case No. CIV-03-158-F<br>)<br>) MDL No. 1564<br>)<br>) **This document relates to**<br>) **Case No. CIV-04-850-F (Braxton)** |

## ORDER

Before the court is plaintiffs' Motion for Administrative Order Regarding Class Notice, Opt Out Deadline, and Other Administrative Matters, filed September 15, 2005 (doc. no. 519).

On September 16, 2002, the United States District Court for the Northern District of Alabama granted Plaintiffs' Motion for Class Certification and certified a class pursuant to Fed. R. Civ. P. 23(b)(3), consisting of:

> All persons who were residents of Alabama during the time period from October 16, 2001, to the present who were subjected to adverse actions in conjunction with the renewal of their policies of homeowners' insurance issued by Fire Insurance Exchange based in whole or in part on information contained in their consumer credit reports and who received letters stating that their premiums would be increased by 50% or more that did not include contemporaneous notices in compliance with 15 U.S.C. § 1681m(a).

Subsequently, on June 13, 2003, the district court's class certification was affirmed by the United States Court of Appeals for the Eleventh Circuit. Thereafter, on July 12, 2004, the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, transferred the action to this court for inclusion in the coordinated or consolidated pretrial proceedings occurring in this judicial district.

Fed. R. Civ. P. 23(c)(2)(B) provides:

For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including

individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues, or defenses,
- that a class member may enter an appearance through counsel if the member so desires,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

In their motion, plaintiffs request the court (1) to approve plaintiffs' proposed form of class notice attached as Exhibit A to their motion; (2) to require defendant, Fire Insurance Exchange, to produce a computer-generated list, in both paper and electronically readable form, that includes the class members' names and addresses and (3) to require plaintiffs to disseminate notice to the class by first class mail.

Defendant, in opposition, states that it objects to certain portions of plaintiffs' proposed class notice form. It proposes revisions to the class notice form and attaches those revisions as Exhibits 1 and 2 to defense counsel's declaration, which is submitted with its opposition brief. Defendant also states that plaintiffs' counsel has indicated that plaintiffs are likely to agree to defendant's proposed revisions.

As to the timing of the notice, defendant states that the parties disagree as to when class notice should be sent to the class members. While both sides agree that class notice should not be sent until the court rules on the pending motion for class certification in the <u>Corl</u>, <u>Watts</u> and <u>Mobbs</u> matters, defendant states that the court should delay setting the deadline for sending the class notice to class members, and for requiring defendant to produce a list of class members, until after the court rules on a discrete, dispositive question of law, which defendant plans to raise by way of a summary judgment motion. According to defendant, the dispositive legal question

is whether defendant's "alert letters" which informed class members that their rates would be increased by 50 percent or more, constituted "adverse action," thereby requiring compliance by defendant with the adverse action notice provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.  Defendant contends that until the court rules on defendant's anticipated motion for summary judgment, it would be premature to send class notice to class members.  Defendant asserts that sending class notice to class members would waste the time and resources of the parties and would also confuse class members, if the court ultimately grants summary judgment in defendant's favor.

Contemporaneously with this order, the court has ruled on the motion for class certification in the Corl, Watts and Mobbs matters.  The court concludes that further delay of production of a list of class members, and class notification, pending a ruling on defendant's anticipated summary judgment motion, is not warranted.

While Rule 23(c)(2)(B) mandates that notice be sent in Rule 23(b)(3) class actions, the rule does not specify when such notice must issue.  That decision is left to the district court's sound discretion.  R& D Business Systems v. Xerox Corp., 150 F.R.D. 87, 91 (E.D. Tex. 1993).  The issue of timing of notice involves consideration of two factors: (1) whether delay will prejudice absentee class members and (2) whether issuance of notice will cause defendant any harm.  *Id*.; *see also*, Beale v. EdgeMark Financial Corp., 1995 WL 631840, *4 (N.D. Ill. October 23, 1995).

In its opposition brief, defendant does not address the prejudice, if any, to absentee class members, if the notice is delayed pending a summary judgment ruling.  It simply states that the class would be confused if the court ultimately grants summary judgment in defendant's favor.  Confusion, at least in the situation now before the court, does not amount to prejudice.  Moreover, notice is to be sent before the merits of the case are adjudicated.  Cohen v. Office Depot, Inc., 204 F.3d 1069, 1078 (11th Cir. 2000); Schwarzchild v. Tse, 69 F.3d 293, 296 (9th Cir. 1995)("The

language of Rule 23(c)(2) supports the view that notice must be sent *before* a judgment has been granted.") (emphasis in original). Indeed, without notice, the court lacks jurisdiction over the absent class members. Thus, unless absent members are given an opportunity to opt out of the class, any summary judgment in favor of defendant would only be binding on the named plaintiffs. *Gert v. Elgin Nat'l. Industries, Inc.*, 773 F.2d 154, 159-60 (7th Cir. 1985), *see also*, *Schwarzchild*, 69 F.3d at 297(when defendants obtain summary judgment before class has been certified or notified, they effectively waive their right to have notice circulated to the class under Rule 23(c)(2); in such cases, the district court's decision binds only the named plaintiffs).

In light of the time and resources that have been devoted to the certification issue by the parties and the district and appellate courts, the court concludes that it would be wasteful, absent some clear harm to defendant, to adjudicate the merits of defendant's motion prior to notice to the class. And although defendant states that class notice will waste the time and resources of the parties, it fails to specify any clear harm it will suffer from the issuance of the class notice. Therefore, the court concludes that consideration of the prejudice to absent class members and the harm to the defendant does not warrant the delay of class notice pending a ruling on defendant's anticipated motion for summary judgment.

As to the content of the notice, defendant, as previously stated, submitted revisions to plaintiffs' proposed notice form and states that plaintiffs are likely to agree to the revisions. However, the court does not have a clear statement from plaintiffs as to whether they actually agree to defendant's revisions. The court expects the parties to communicate in good faith as to the deadline for defendant's production of a list of names and addresses of class members; the deadline for plaintiffs to disseminate the notice to class members by first class mail and the deadline for any absent class members to postmark their "Exclusion Request."

Accordingly, plaintiffs' Motion for Administrative Order Regarding Class Notice, Opt Out Deadline, and Other Administrative Matters, filed September 15, 2005 (doc. no. 519), is **GRANTED** subject to further proceedings as described below.

IT IS ORDERED that the plaintiffs and defendant shall communicate in good faith in regard to the proposed revisions to the class notice form.  If the plaintiffs agree to the proposed revisions, the plaintiffs shall notify the court of the agreement within 10 days of the date of this order.  If the parties are unable to reach agreement as to the proposed revisions, the parties shall file, not later than 15 days from the date of this order, their respective memoranda supporting their positions with respect to the proposed revisions (including any proposed revisions to the class definition).

The plaintiffs and defendant shall also communicate in good faith in regard to the deadline for defendant's production of a list of names and addresses of class members; the deadline for plaintiffs to disseminate the notice to class members by first class mail and the deadline for any absent class members to postmark their "Exclusion Request."  If the parties can agree to all the proposed deadlines, the plaintiffs shall notify the court of that agreement within the 10 day period.  Otherwise, the parties shall file, not later than 15 days from the date of this order, their respective memoranda supporting their positions with respect to their proposals with respect to the deadlines.

DATED April 13, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

Farmers MDL p092 (PUB).wpd