**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: Farmers Insurance Co., Inc. FCRA litigation.<br><br>Judge Friot | ) Western Dist. Case No. CIV-03-158-F<br>)<br>) MDL No. 1564<br>)<br>) **This document relates to**<br>) **Corl, Watts & Mobbs** |

## ORDER

The court has carefully reviewed plaintiffs' filing (doc. no. 858) in response to the court's February 21, 2008 order. The court notes that the plaintiffs have requested a status conference "in order to discuss" various issues. Doc. 858, at 5. The court also has the benefit of the parties' December 14, 2007 filings (docs. 848 and 849), as well as a letter filed at doc. 850 and a response filed by Farmers on March 6, 2008 (doc. no. 859). Given the age of this matter and the need for all concerned to get focused on moving this matter to a conclusion, the suggestion that a status conference be held "in order to discuss" various issues is not particularly attractive. The plaintiffs' motion for status conference (doc. no. 858) is **DENIED**.

As previously stated in open court, the court has concluded that the Fair Credit Reporting Act notice at issue in this case did not comply with the requirements of the FCRA, 15 U.S.C. § 1681m(a). That, however, leaves other issues to be resolved.

Under the FCRA, 15 U.S.C. §§ 1681 *et. seq.*, as construed in Safeco Ins. Co. of America v. Burr, __ U.S. __, 127 S.Ct. 2201 (2007):

1. The FCRA notice requirement is not triggered unless the applicant or insured was treated less favorably than would have been the case if the credit report had not been considered.   Safeco, at 2213.

2. There must be a determination, whether by this transferee court or by transferor courts (as to cases other than Mobbs), whether the § 1681m(a) violation was negligent or willful, because that determination has a

       substantial impact on the relief available (and, consequently, on class action issues). § 1681o(a).

3. Resolution of the issue of whether the violation was willful will entail a determination of whether the insurer acted in reckless disregard of the statutory requirement. Safeco, at 2208.

4. The determination as to reckless disregard, in turn, depends on (i) whether the insurer's reading of the statute, although erroneous, was objectively unreasonable, Safeco, at 2215, and, if so, (ii) whether the violative action, viewed in light of the surrounding circumstances, demonstrates disregard for the requirements of the FCRA to a degree substantially greater than mere carelessness. *Id.*

5. As to the first prong of the reckless disregard standard, objective reasonableness can be determined by the court as a matter of law only where the relevant evidentiary materials in the record satisfy the stringent standards which must be applied under Rule 56(c) or Rule 50(a)(1). Whitfield v. Radian Guaranty, Inc., 501 F.3d 262, 270 - 71 (3rd Cir. 2007), *cert. pending* 76 U.S.L.W. 3374 (2007); *cf.* Meacham v. Frazier, 500 F.3d 1200, 1203 (10th Cir. 2007) (objective reasonableness in the context of a qualified immunity[1] determination). Nothing in the Safeco opinion, including footnote 20, cited by the defendants, indicates otherwise. In light of the issues that are raised by an assertion of advice of counsel (completeness of disclosure of material facts, content of advice, good faith of reliance, reasonableness of reliance, etc.), where advice of counsel is relied upon, wholly or in part, to buttress a contention that the insurer's action was objectively reasonable, the likelihood that the issue of objective reasonableness may be resolved as a matter of law becomes especially remote unless it can be determined, as a matter of law, disregarding the contention as to advice of counsel,

---

[1] Defendants argue that the Court's citation, in Safeco, to Saucier v. Katz, 533 U.S. 194 (2001) (a § 1983 qualified immunity case) makes it clear that the objective reasonableness issue must be made by the court prior to trial. This contention is wholly unpersuasive. For one thing, in Meacham, decided by the Tenth Circuit six years after the Supreme Court decided Saucier, the court made it clear that the issue of reasonableness goes to the jury if there are disputed material facts. Meacham, 500 F.3d at 1204. Moreover, qualified immunity cases, involving, as they do, overriding considerations as to the right of the defendant not to be sued at all, *e.g.,* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), provide little counsel as to the appropriate sequence for resolution of disputed issues in bringing these garden-variety consumer claims to a conclusion.

that the action was objectively reasonable. *See, generally,* Mahurkar v. C.R. Bard, Inc., 79 F.3d 1572 (Fed. Cir. 1996), *cert. denied*, 525 U.S. 1106 (1999); Lynn v. Smith, 281 F.2d 501, 504 - 05 (3rd Cir. 1960); Adidas America, Inc. v. Payless Shoesource, Inc. 2008 WL 508060 (D.Or. 2008); and AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 2091944, *8 *et seq.* (E.D.Cal. 2006).

6. An insurer's determination that the FCRA notice requirement is not triggered in the absence of prior dealing with the applicant, resulting in a determination by the insurer that no FCRA notice is required with respect to an initial rate for new insurance coverage, is (as a matter of law) not objectively unreasonable. Safeco at 2215 - 16. *But cf.,* Whitfield, 501 F.3d at 270 (remanding to District Court "to consider whether the evidence in the record supports Radian's claim that it did not willfully violate the statute because it reasonably believed an initial rate offer was not an increase for purposes of the definition of adverse action under the FCRA."). (This conclusion is tentative, because the parties have not briefed this issue.)

7. The determination of the ultimate issue of willfulness – inclusive of the subsidiary issues discussed above – will involve at least some matters triable as of right to a jury.

8. The court does have jurisdiction to hold a trial on the merits in Mobbs. The court desires to do so as soon as reasonably possible.

Plaintiffs are **DIRECTED** to file, not later than March 26, 2008: (i) a statement of the matters, antecedent to a trial on the issues of willfulness and related matters in the Mobbs case, they would have the court address by way of motion practice,[2] status conference or otherwise, (ii) a statement of plaintiffs' positions with respect to those

---

[2] If the issues as to the Brinckerhoff deposition (see doc. no. 848, at 2) are still unresolved, plaintiffs should, without delay, schedule a conference with opposing counsel in compliance with local rules and Rule 37 and then file an appropriate motion if the conference does not resolve the matter. Likewise, if plaintiffs' extant Rule 34 requests encompass the documents referred to on p. 2 of doc. no. 848, and if plaintiffs' counsel have not resolved the issues as to production of those documents, the same procedure should be followed. If plaintiffs' extant Rule 34 requests do not encompass those documents, plaintiffs are **GRANTED** leave to serve such a request, together with a request to the court to shorten the response time.

issues, (iii) a list of the *specific* discovery matters (other than the matters addressed in footnote 2) which still need to be addressed as to which additional discovery is necessary[3], (iv) a brief addressing the preliminary conclusion set forth in paragraph 6, above, if plaintiffs take issue with that preliminary conclusion, and (v) a proposed scheduling order consistent with the plaintiffs' positions as to the matters referred to in this paragraph.  Defendants are **DIRECTED** to file, within 15 days after plaintiffs' filing, but in no event later than April 11, 2008:  (i) a response to plaintiffs' filing, (ii) their proposed scheduling order, if they disagree with plaintiffs' proposed scheduling order, and (iii) a statement (not repeating anything previously filed) as to any other procedural matters the defendants believe the court should consider in determining the future course of proceedings in this matter.

DATED March 10, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

Farmers MDL p141(pub).wpd (pub)

---

[3] This list shall include a statement as to whether any of the discovery matters discussed on pp. 3 - 5 of doc. no. 848 have been resolved.  If any of those matters have not been resolved, plaintiff's statement, filed as required by this order, shall include a proposed scheduling order providing for the expeditious completion of discovery as to those matters.  This list shall also carefully differentiate between (i) discovery matters that must be addressed because they relate to the ultimate determination of the issue of whether the violation was willful, (ii) discovery matters that must be addressed because they relate to class definition, identification of class members, or other class action-related matters, and (iii) discovery matters that must be addressed because they relate to other issues, such as damages.