## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **In re Farmers Insurance Co., Inc., FCRA Litigation** | ) Western Dist. Case No. CIV-03-158-F<br>) MDL No. 1564<br>) |
| **The Honorable Stephen P. Friot** | ) **This Document Relates to Corl, Watts &**<br>) **Mobbs** |

## PRELIMINARY APPROVAL ORDER

The following matters: *Mobbs v. Farmers Insurance Company, Inc.*, NO. 03-CV-158-F (W.D. Okla.); *Corl, et al. v. Farmers Insurance Company, Inc., et al.*, No. 03-CV-456 (E.D. Ark.), and *Watts, et al. v. Farmers Insurance Company, Inc., et al.*, No. 03-CV-4014 (W.D. Ark.), having come before the Court upon the Motion of Class Representatives Harry Corl, David Watts and Donna Mobbs, individually and on behalf of Class Members, for preliminary approval of the Settlement Agreement and Release of Claims between Class Representatives, Class Counsel, and Defendants Farmers Insurance Company, Inc., Farmers Insurance Exchange, Fire Insurance Exchange, Fire Underwriters Association, Mid-Century Insurance Company and Farmers Group, Inc., and upon consideration of the Parties' Agreement,

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Agreement, and all capitalized terms in this Order will have the same meanings set forth in the Agreement, unless otherwise defined by this Order.

2.    Based on the Court's review of the Agreement, the supporting briefs and declarations, argument of counsel, and the entire record, including Defendants' joinder in Plaintiffs' Motion, the Court finds that the proposed settlement is within the range of possible approval. Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement is therefore granted.

3.    If, for any reason, the Agreement is not finally approved or does not become effective, this provisional approval Order shall be null and void, and shall not be used or referred to for any purpose in this Class Action or any other action or proceeding.

4.    Garden City Group, 815 Western Ave., Ste. 200, Seattle, WA 98104, is hereby appointed as Settlement Administrator to administer the notice procedures and other aspects of the proposed settlement, as more fully set forth in the Agreement.

5.    Pursuant to Fed. R. Civ. P. 23, the terms of the Agreement, and the settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Class Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Fairness Hearing described in paragraph 9 of this Order. Accordingly, the Agreement and the settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Agreement.

6.    Within thirty (30) days after entry of this Order, unless later extended by the Court upon good cause shown, the Settlement Administrator shall provide the Notice of

Class Action Settlement, in accordance with the procedures detailed in the Agreement, to each Class Member by mailing a copy of the Notice in the form attached to this Order (initially attached to the Agreement as Exhibit 3) to each Class Member, together with a copy of the Farmers Fair Credit Reporting Act Settlement Claim Form, in the form attached to the Agreement as Exhibit 4. The Settlement Administrator shall format and prepare the Notice and Claim Form to conform to the notice provisions of the Agreement. The Claim Form shall notify Class Members that their Claim Form may be submitted at any time up to 90 days after the Fairness Hearing.

7. Upon review of the Parties' submissions, and the terms of the Agreement, the Court finds that the Agreement's plan for class notice, as further described in sections 2.2 and 2.3 of the Agreement, satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Notice and the Claim Form comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the settlement, and thus they are hereby approved and adopted. This Court further finds that no notice other than that identified in the Agreement is reasonably necessary in this Class Action.

8. Any Class Member who wishes to be excluded from the settlement and not bound by the Agreement must mail a request for exclusion ("Opt-Out") to the Settlement Administrator. To be effective, an Opt-Out must be postmarked no later than 30 calendar days from the date specified in the Notice, which date shall be the date of mailing of the Notice. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the

postmark deadline set forth above), submitted to the Settlement Administrator, and must: (a) state the name of this Class Action, *In re Farmers Ins. Co., Inc. FCRA Litigation*, MDL No. 1564; (b) state the Class Member's full name, address and telephone number; (c) contain the Class Member's signature; and (d) state the following: "I am requesting to be excluded from the class action settlement, and I understand that I will receive none of the consideration provided for under the class action settlement.  I understand that if I am excluded from the class, I may bring a separate legal action, but I might lose my separate legal action, or win and recover nothing or less than what I would have recovered if I remained a class member and filed a claim under the provisions of the class action settlement."  Any Class Member who does not submit a timely Opt-Out, and otherwise comply with all requirements for requesting exclusion from the settlement as set forth above and in the Notice, shall be bound by the Agreement, including the Release, as embodied in sections 4.1, 4.2, 4.3 and 4.4 of the Agreement, and any Final Judgment entered in the Class Action.  Further, any Class Member who is a successful Opt-Out will be deemed to have waived any rights or benefits under the settlement, and will not have standing to object to the settlement or to seek to intervene in the Class Action.

9.	A Fairness Hearing shall be held before this Court on September 29, 2011, at 9:00 a.m., to hear any objections and determine:  (i) whether the proposed settlement and compromise of this Class Action set forth in the Agreement is fair, reasonable, and adequate to the Class Members and should be approved by the Court; (ii) whether the Final Judgment approving the settlement should be entered; (iii) whether to approve the

request of Class Counsel for payment of attorneys' fees and reimbursement expenses; and (iv) whether to approve the request of Class Representatives for incentive awards.  Notice of such hearing shall be provided to Class Members in the Notice and on the dedicated settlement website at www.farmersfcrasettlement.com, which is described further in section 2.3 of the Agreement.  The date for the Fairness Hearing may be moved to a later date and/or different time by the Court without the requirement of additional notice being disseminated to the Class Members.  If the date and/or time is changed, the settlement website shall be updated to reflect such change.

10. Any interested person may appear at the Fairness Hearing to show cause why the proposed settlement should or should not be approved as fair, reasonable, adequate, and in good faith and/or why the request of Class Counsel for approval of attorneys' fees and expenses and litigation-related reimbursements should or should not be approved as fair and reasonable; provided, however, that no person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement or the fees, costs, and reimbursements requested by Class Counsel, unless that person has sent, via First Class United States mail, postage prepaid, a declaration that they are a Class Member and written objections and copies of any supporting papers and briefs to Class Counsel, Richard Norman and R. Martin Weber, at Crowley Norman LLP, 3 Riverway, Ste. 1775, Houston, TX 77056, and Defendants' Counsel, Barnes H. Ellis and Timothy W. Snider, at Stoel Rives LLP, 900 SW Fifth Ave., Ste. 2600, Portland, OR 97204, postmarked no less than 30 days in advance of the Fairness Hearing.  Class Counsel shall

file all objections received with the Court within 10 calendar days after the end of the Objection Deadline.  Any person who submits a timely objection may appear at the Fairness Hearing in person or through counsel, provided, however, that any such person must state his or her intention to do so at the time he or she submits objections.  Any Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the settlement and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the settlement, and to any attorneys' fees and reimbursements approved.  Class Members who submit an objection may be deposed by Class Counsel and Defendants' Counsel and may be required to answer written discovery propounded by Class Counsel or Defendants' Counsel on an expedited basis.

11. All memoranda, affidavits, declarations, and other evidence in support of the request for final approval of the settlement, Class Counsel's request for approval of attorneys' fees, costs and reimbursements of expenses, and Class Representatives' request for approval of incentive awards payments shall be filed at least 10 days before the Fairness Hearing.

12. This Court expressly reserves the right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the proposed settlement and request for approval of attorneys' fees and expenses and request for approval of Class Representative incentive awards at or after the originally scheduled Fairness Hearing.

13. Pending final determination of whether the proposed settlement should be approved:

a. All Class Members (and their heirs, executors, administrators, predecessors, successors, affiliates, and assigns) who have not validly and timely requested exclusion are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction, arising out of, or relating in any way to the claims released in sections 4.1, 4.2, 4.3 and 4.4 of the Agreement; and

b. All persons are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any Class Members as to any of the Released Parties, if such other lawsuit is based on or relates in any way to the claims released in sections 4.1, 4.2, 4.3 and 4.4 of the Agreement.

IT IS SO ORDERED this 21st day of June, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

Farmers MDL p176.PO.wpd