## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **In re Farmers Insurance Co., Inc., FCRA Litigation** ) ) ) | Western Dist. Case No. CIV-03-158-F MDL No. 1564 |
| **The Honorable Stephen P. Friot** ) ) | **This Document Relates to:** **Case No. CIV-06-733 (Davenport)** |

## ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF SETTLEMENT

The matter *Davenport v. Illinois Farmers Insurance Company*, NO. CIV-06-733 (W.D. Okla.), having come before the Court upon the Motion of Plaintiffs Charles Davenport and Brent Johnson, individually and on behalf of putative Settlement Class Members, for provisional certification of the Settlement Class and for preliminary approval of the Settlement Agreement and Release of Claims between Plaintiffs, Plaintiffs' Counsel, and Defendants Illinois Farmers Insurance Company and Farmers Group, Inc., and upon consideration of the Parties' Agreement,

IT IS HEREBY ORDERED AS FOLLOWS:

1.  This Order incorporates by reference the definitions in the Agreement, and all capitalized terms in this Order will have the same meanings set forth in the Agreement, unless otherwise defined by this Order.

2.  Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for purposes of the proposed settlement only and subject to the terms of the Agreement, the Court hereby provisionally certifies the following Settlement Class: "All persons who were residing in the State of Minnesota who had, renewed, or reinstated a policy of automobile insurance

1

from Illinois Farmers Insurance Company during the period from November 25, 1999, through June 2, 2000, and all persons who were residing in the State of Minnesota who purchased a new policy of automobile insurance from Illinois Farmers Insurance Company during the period from April 1, 2000, through July 31, 2003.  Excluded from the Settlement Class are:  (1) Defendants and all directors, officers, agents and employees of Defendants or their affiliates; (2) any person or entity who timely opts out of this proceeding; (3) currently serving federal district court judges, their spouses, and all persons (and their current spouses) within the third degree of consanguinity to such federal district court judge and spouses; and (4) any person who has given a valid release concerning the claims asserted in this suit."

     3.     Solely for purposes of settlement, and subject to the terms of the Agreement, the Court provisionally finds that:

     (a) The Settlement Class appears to be ascertainable from records kept by Defendants.

     (b) There appear to be a sufficient number of Settlement Class Members to satisfy the numerosity requirement in Rule 23(a)(1).

     (c) There appear to be one or more questions of law and fact common to all Settlement Class Members, in satisfaction of Rule 23(a)(2).

     (d) Plaintiffs' claims appear to be typical of the claims of the members of the Settlement Class.

     (e) Plaintiffs appear to be capable of fairly and adequately representing the interests of the Settlement Class, in satisfaction of Rule 23(a)(3) and (4).

(f) Questions of law and fact common to all members of the Settlement Class appear to predominate over any questions affecting only individual members for settlement purposes, and a class for settlement purposes appears to be superior to other available methods for the fair and efficient adjudication of this controversy, in satisfaction of Rule 23(b)(3).

4.  Solely for purposes of settlement, and subject to the terms of the Agreement, the Court provisionally appoints Plaintiffs as Class Representatives and Plaintiffs' Counsel as Class Counsel.

5.  Based on the Court's review of the Agreement, the supporting briefs and declarations, argument of counsel, and the entire record, including Defendants' joinder in Plaintiffs' Motion, the Court finds that the proposed settlement is within the range of possible approval. Plaintiffs' Motion for an Order Granting Provisional Certification of Settlement Class and Preliminary Approval of Settlement is therefore granted.

6.  If, for any reason, the Agreement is not finally approved or does not become effective, this provisional approval Order shall be null and void; the provisional certification of the Settlement Class shall be null and void; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before the parties executed the Agreement; and nothing stated in this Order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action or proceeding of any kind.

7. Garden City Group, 815 Western Ave., Ste. 200, Seattle, WA 98104, is hereby appointed as Settlement Administrator to administer the notice procedures and other aspects of the proposed settlement, as more fully set forth in the Agreement.

8. Pursuant to Federal Rule of Civil Procedure 23, the terms of the Agreement, and the settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the *Davenport* Action, (b) free of collusion to the detriment of Settlement Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Fairness Hearing described in paragraph 12 of this Order. Accordingly, the Agreement and the settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Agreement.

9. Within sixty (60) days after entry of this Order, unless later extended by the Court upon good cause shown, the Settlement Administrator shall provide the Notice of Class Action Settlement, in accordance with the procedures detailed in the Agreement, to each Settlement Class Member by mailing a copy of the Notice, in the form attached to the Agreement as Exhibit 3, to each Settlement Class Member, together with a copy of the Farmers MIFIRA and FCRA Settlement Claim Form, in the form attached to the Agreement as Exhibit 4.  The Settlement Administrator shall format and prepare the Notice and Claim Form to conform to the notice provisions of the Agreement.  The Claim Form shall notify Settlement Class Members that their Claim Form may be submitted at any time up to 90 days after the Fairness Hearing.

10. Upon review of the Parties' submissions, and the terms of the Agreement, the Court finds that the Agreement's plan for class notice, as further described in sections 2.4 and 2.5 of the Agreement, satisfies the requirements of due process and Federal Rule of Civil Procedure 23. That plan is approved and accepted. This Court further finds that the Notice and the Claim Form comply with Federal Rule of Civil Procedure 23 and are appropriate as part of the notice plan and the settlement, and thus they are hereby approved and adopted. This Court further finds that no notice other than that identified in the Agreement is reasonably necessary in this action.

11. Any Settlement Class Member who wishes to be excluded from the settlement and not bound by the Agreement must mail a request for exclusion ("Opt-Out") to the Settlement Administrator. To be effective, an Opt-Out must be postmarked no later than 30 calendar days from the date specified in the Notice, which date shall be the date of mailing of the Notice. For a Settlement Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above), submitted to the Settlement Administrator, and must: (a) state the name of the *Davenport* Action, *Davenport v. Illinois Farmers Insurance Company*, NO. CIV-06-733 (W.D. Okla.); (b) state the Settlement Class Member's full name, address and telephone number; (c) contain the Settlement Class Member's signature; and (d) substantially state the following: "I am requesting to be excluded from the class action settlement in the *Davenport* Action, and I understand that I will receive none of the consideration provided for under the class action settlement. I understand that if I am excluded from the Settlement Class, I may bring a separate legal action, but I might lose my separate legal action, or win and recover nothing

5

or less than what I would have recovered if I remained a Settlement Class Member and filed a claim under the provisions of the class action settlement." Any Settlement Class Member who does not submit a timely Opt-Out, and otherwise comply with all requirements for requesting exclusion from the settlement as set forth above and in the Notice, shall be bound by the Agreement, including the Release, as embodied in sections 4.1, 4.2, 4.3 and 4.4 of the Agreement, and any Final Judgment entered in the *Davenport* Action. Further, any Settlement Class Member who is a successful Opt-Out will be deemed to have waived any rights or benefits under the settlement, and will not have standing to object to the settlement or to seek to intervene in the *Davenport* Action.

12. A Fairness Hearing shall be held before this Court on November 29, 2011, at 9:00 a.m. to hear any objections and determine: (i) whether the Settlement Class should be finally certified for settlement purposes; (ii) whether Plaintiffs should be appointed as Class Representatives; (iii) whether Plaintiffs' Counsel should be appointed as Class Counsel; (iv) whether the proposed settlement and compromise of the *Davenport* Action set forth in the Agreement is fair, reasonable, and adequate to the Settlement Class Members and should be approved by the Court; (v) whether the Final Judgment approving the settlement should be entered; (vi) whether to approve the request of Class Counsel for payment of attorneys' fees and reimbursement expenses; and (vii) whether to approve the request of Class Representatives for incentive awards. Notice of such hearing shall be provided to Settlement Class Members in the Notice and on the dedicated settlement website at www.mnfarmersfcrasettlement.com, which is described further in section 2.5 of the Agreement. The date for the Fairness Hearing may be moved to a later date and/or

different time by the Court without the requirement of additional notice being disseminated to the Settlement Class Members. If the date and/or time is changed, the settlement website shall be updated to reflect such change.

13. Any interested person may appear at the Fairness Hearing to show cause why the proposed settlement should or should not be approved as fair, reasonable, adequate, and in good faith and/or why the request of Class Counsel for approval of attorneys' fees and expenses and litigation-related reimbursements should or should not be approved as fair and reasonable; provided, however, that no person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement or the fees, costs, and reimbursements requested by Class Counsel, unless that person has sent, via First Class United States mail, postage prepaid, a declaration that they are a Settlement Class Member and written objections and copies of any supporting papers and briefs to Class Counsel, Robert Shelquist, at LOCKRIDGE GRINDAL NAUEN PLLP, 100 Washington Avenue S., Suite 2200, Minneapolis, MN 55401, and Defendants' Counsel, Christopher R. Morris, at BASSFORD REMELE, PA, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, postmarked no less than 30 days in advance of the Fairness Hearing. Class Counsel shall file all objections received with the Court within 10 calendar days after the end of the Objection Deadline. Any person who submits a timely objection may appear at the Fairness Hearing in person or through counsel, provided, however, that any such person must state his or her intention to do so at the time he or she submits objections. Any Settlement Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the

settlement and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the settlement, and to any attorneys' fees and reimbursements approved. Settlement Class Members who submit an objection may be deposed by Class Counsel and Defendants' Counsel and may be required to answer written discovery propounded by Class Counsel or Defendants' Counsel on an expedited basis.

14. All memoranda, affidavits, declarations, and other evidence in support of the request for final approval of the settlement, Class Counsel's request for approval of attorneys' fees, costs and reimbursements of expenses, and Class Representatives' request for approval of incentive awards payments shall be filed at least 10 days before the Fairness Hearing.

15. This Court expressly reserves the right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the proposed settlement and request for approval of attorneys' fees and expenses and request for approval of Class Representative incentive awards at or after the originally scheduled Fairness Hearing.

16. Pending final determination of whether the proposed settlement should be approved:

    a. All Settlement Class Members (and their heirs, executors, administrators, predecessors, successors, affiliates, and assigns) who have not validly and timely requested exclusion are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving

any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction, arising out of, or relating in any way to the claims released in sections 4.1, 4.2, 4.3 and 4.4 of the Agreement; and

        b.     All persons are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any Settlement Class Members as to any of the Released Parties, if such other lawsuit is based on or relates in any way to the claims released in sections 4.1, 4.2, 4.3 and 4.4 of the Agreement.

IT IS SO ORDERED this 26th day of July, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

Farmers MDL p178.PO.wpd