LAW OFFICES
## STEVE A. MILLER, P.C.
THE BARCLAY, NO. 2905
1625 LARIMER STREET
DENVER, COLORADO
80202-1539

FACSIMILE
(303) 892-8925

TELEPHONE
(303) 892-9933

## FAX COVER SHEET

TO: Richard E. Norman
R. Martin Weber, Jr.
Crowley Norman, L.L.P.
Fax: 713-651-1775

FROM: Steve A. Miller

Timothy W. Snider
Barnes H. Ellis
Stoel Rives LLP
Fax: 503- 220-2480

FAX NUMBER:

PHONE NUMBER:

RE:
**Objection to Settlement**
In re Farmers Insurance Co., Inc., FCRA Litigation
Case No. CIV-03-158-F, MDL No. 1564

DATE: August 29, 2011

TOTAL NO. OF PAGES INCL. COVER: 8

SENDERS REFERENCE NO.:

YOUR REFERENCE NO.:

NOTES/COMMENTS

The attached Objection is also being mailed to each of you today via U.S.P.S. first class mail, postage prepaid.

Exhibit 1
Page 1

STEVE A. MILLER
1625 Larimer Street
No. 2905
Denver, CO 80202
303.892.9933

August 29, 2011

Richard E. Norman
R. Martin Weber, Jr.
Crowley Norman, L.L.P.
Three Riverway, Suite 1775
Houston, TX, 77056
Fax: 713-651-1775

Timothy W. Snider
Barnes H. Ellis
Stoel Rives LLP
900 SW 5th Ave., Suite 2600
Portland, OR 97204
Fax: 503- 220-2480

RE: **Objection to Settlement**
In re Farmers Insurance Co., Inc., FCRA Litigation
Case No. CIV-03-158-F, MDL No. 1564

To Whom It May Concern:

I am filing this Objection to the proposed class action settlement, as further outlined below.

### Class Standing Declaration

I am a class member. I received written notice of the proposed class action settlement in the mail from the Settlement Administrator. See attachment. I have purchased and renewed automobile and homeowners insurance policies from the insurer defendants for well over twenty years, including during the class period, September 28, 1999 – September 28, 2002, wherein premiums charged for policies were greater than the premium charged for the immediately prior policy period. I have received at least one Form 25-7535 (version dated 6-00) during the class period. See attached copy of Fair Credit Reporting Act Notification that was mailed to me from Farmers Insurance Group on March 7, 2001.

### Objection

According to the Notice of Class Action Settlement, recipients of the Notice (class members) can object to the settlement. Objecting is simply telling the Court that you disagree with something about the settlement, according to the Notice. Class members must be given an opportunity to convince the Court that the proposed settlement would not be fair, adequate or reasonable. *In re Integra Realty Res. (Integra I)*, 262 F.3d 1089, 1111 (10th Cir. 2001); *Mayfield v. Barr*, 985 F.2d 1090, 1092 (D.C. Cir. 1993).

1

Exhibit 1
Page 2

I object to the settlement on the following grounds:

1. The Notice is defective in two significant respects. It threatens unnamed class member objectors with depositions and written discovery which violates unnamed class members' right to object to a proposed class action settlement under Rule 23(e). The Notice is also defective in that it misleads unnamed class members into believing that merely filing a written objection, while not attending the fairness hearing, preserves their right to appeal.

2. The claims process is unreasonable and designed to discourage claims. Despite the fact that defendants clearly know who among their insureds are entitled to a claim, the Settlement Agreement nonetheless requires unnamed class members to complete and submit a Claim Form, receive a Credit Report Code, review their credit report using the Credit Report Code, and then certify that they have reviewed their Equifax consumer credit report for errors and inaccuracies before they can receive the proposed $35 settlement payment. Doc. 985-1 ¶ 3.1, 3.2. This procedure is clearly designed to discourage class member participation in the proposed settlement, saving defendants millions of dollars in payouts in exchange for a complete release of liability. A fairer process is to have defendants simply mail $35 to the same people to whom they had Notices mailed and then to any other class members who did not receive Notice but who submit a bona fide Claim Form.

3. Imposing a deadline on objections that precedes the deadline for briefing any motion for attorneys' fees and costs violates Rule 23(h). Furthermore, defendants have agreed to pay class counsel's fees directly in a clear sailing provision in the Settlement Agreement (Doc. 985-1, ¶ 6.1) whereby defendants do not object to class counsel's $8 million fee application. This arrangement requires heightened scrutiny. This arrangement also creates a constructive common fund whereby class counsel's request for $8 million in attorneys' fees is unreasonable in light of the result achieved.

4. The proposed $5,000 per class representative incentive award is grossly excessive in comparison to the $35 recovery available to unnamed class members and casts doubt on the duty of class representatives to fairly represent unnamed class members.

### Defective Notice

The Notice is defective. To begin with, it threatens unnamed class members with depositions and written discovery should they submit an objection. Notice, ¶ 11. This threat is designed to intimidate and thereby discourage unnamed class member participation in the settlement approval process in violation of Rule 23(e). Although class counsel are fiduciaries to all unnamed class members, the Notice allows class counsel to threaten their own clients with depositions and written discovery in an effort to silence their objections to class counsel's negotiated settlement and application for attorneys' fees. The Notice allows class counsel to set up an immediate adversarial relationship

2

Exhibit 1
Page 3

with their own clients while purporting to represent their best interest in settling the litigation, an untenable relationship between attorney and client.

In addition, the Notice is defective in that it misleads unnamed class members into believing that merely filing a written objection, while not attending the fairness hearing, preserves their right to appeal.  Notice, ¶ 11, 13. What the Notice glaringly omits is that in this Circuit the law seems to be that an objector who has timely filed and served his or her written objection, but fails to attend the fairness hearing, waives his or her right to appeal under Devlin v. Scardelletti, 536 U.S. 1(2002).  See In re Integra Realty Res. (Integra II), 354 F.3d 1246, 1256-1258 (10th Cir. 2004).

In one simple Notice, class counsel has managed to quell any dissent to their settlement and application for attorneys' fees, while at the same time inducing those who deign to file an objection into waiving their appeal rights.

### Unreasonable and Inadequate Claims Procedure

As stated above, the claims process is unreasonable, designed to discourage claims and thereby save defendants millions of dollars in payouts.  Defendants already know who among their insureds are entitled to claims; defendants had Notices sent to them in the mail.  Defendants should be required to do the same with respect to the proposed $35 per class member settlement, i.e. simply mail the settlement to each of their insureds to whom Notices were mailed and then to any class member who did not receive a Notice, but who is able to submit a bona fide Claim Form.

### Defective Procedure re: Attorneys Fees and Costs

The procedure for the awarding of attorneys' fees and costs is also defective. Pursuant to this Court's Order (Doc. 989), the deadline for class members to file objections is August 29, 2011, the deadline for filing briefs in support of final approval of the Settlement Agreement and award of attorneys' fees is September 19, 2011, and the final fairness hearing is September 29, 2011.  This procedure, although admittedly common in federal district courts throughout the country, has recently been overruled as an abuse of discretion and a violation of Rule 23(h) by the U.S. Court of Appeals for the 9th Circuit, in what appears to be the leading published Circuit opinion on the subject.  In re: Mercury Interactive Corp. Securities Litigation, 618 F.3d 988, 993 (9th Cir. 2010).

### Excessive Attorneys Fees

Class counsel has successfully negotiated a settlement that is designed to discourage class member participation in the proposed settlement, while at the same time securing a clear sailing agreement from defendants to not oppose their fee application for $8 million and their proposed $5,000 incentive award for each class representative. Such clear sailing provisions require greater scrutiny than is ordinarily demanded, requiring a clear explanation of why the disproportionate fee does not betray the class' interest.  In re: Bluetooth Headset Products Liability Litigation, No. 09-56683 (9th Cir. 8/19/11).  Similarly, attorneys' fees are best viewed as an aspect of the class' recovery, even if the fees are paid directly to the attorneys from defendants; the entire settlement amount comes from the same source whereby the award to the class and the agreement on attorneys' fees represent a package deal.  Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 246 (8th Cir. 1996).  Several courts have embraced this approach as the

3

Exhibit 1
Page 4

constructive common fund approach. *In re: Bluetooth, supra.*

One solution to the problem posed where defendants will directly pay and do not oppose an $8 million fee application by class counsel, but require a claims procedure for any recovery by class members, is to base the attorneys' fee award only on the benefits actually delivered to the class. Manual for Complex Litigation 4th, § 21.71, p. 357 ("It is common to delay a final assessment of the fee award and to withhold all or a substantial part of the fee until the distribution process is complete.").

### Excessive Incentive Awards

According to the Settlement Agreement, there are three class representatives (Doc. 985-1, ¶ 1.5) who are seeking incentive awards not to exceed $5,000 for each representative, which will not be opposed by defendants. (Doc. 985-1 ¶ 6.2). In comparison, unnamed class members who timely submit a completed Claim Form and receive a Credit Report Code and review their credit report using the Credit Report Code and certify that they have reviewed their credit report for errors and inaccuracies, will receive $35 from the settlement administrator. (Doc. 985-1, ¶ 3.1, 3.2). The Consolidated Amended Class Action Complaint (Doc. 493) asserts a single claim for willful violation of the FCRA seeking statutory penalties ranging from the $100 minimum to the $1,000 maximum. Thus, the settlement proposes to award unnamed class members who jump the requisite hurdles 35% of the FCRA minimum penalty and class representatives 500% of the FCRA maximum penalty.

The U.S. Court of Appeals for the 7th Circuit decried a proposed class action settlement under the FCRA where the class representative was to receive $3,000 (three times the statutory maximum) while the unnamed class members did not even receive the $100 minimum (but only 1% of the minimum). *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 952 (7th Cir. 2006). Similarly, warning that excessive incentive awards may put the class representative in a conflict with the class, thus posing a considerable danger of individuals bringing cases as class actions principally to increase their own leverage to obtain a remunerative settlement for themselves and then trading on that leverage in the course of negotiations, the U.S. Court of Appeals for the 9th Circuit has declined to approve a 16 times disparity between a recovery for unnamed class members and that for class representatives without sufficient justification in the record. *Staton v. Boeing Co.*, 327 F.3d 938, 975 - 977 (9th Cir. 2003); accord *Rodriquez v. West Publishing Corp.*, 563 F.3d 948, 960 (9th Cir. 2009).

### Conclusion

The proposed settlement is not fair, reasonable and adequate, the Notice is defective as described above, the attorneys' fees are excessive in light of the result achieved, and the incentive awards are excessive and cast doubt on the duty of class representatives to fairly represent the interests of unnamed class members. Accordingly, the Court should not approve the settlement as proposed and should not approve the attorneys' fees and incentive awards as requested. Objector also hereby adopts any other bona fide objections by other class members.

4

Exhibit 1
Page 5

### Notice of Intention to Appear

At present, I intend to appear and be heard at the Fairness Hearing. I intend to address the points outlined in this Objection. I will represent myself at the hearing. I have been admitted to practice before the U.S. District Court for the District of Colorado since 1978 and the U.S. Court of Appeals for the 10th Circuit since 1983, among other bar admissions.

Sincerely,

Steve A. Miller

| MUST BE POSTMARKED ON OR BEFORE DECEMBER 28, 2011 | Farmers Ins. Co., Inc. FCRA Settlement<br>c/o The Garden City Group, Inc.<br>P.O. Box 9729<br>Dublin, OH 43017-5629<br>Toll-Free: 1-877-313-2291 | FGI |

Claim Number: FGI01226630    Control Number: 0875113153

STEVE A MILLER
1525 LARIMER ST APT 2905
DENVER, CO 80202-1539

**PLEASE VERIFY YOUR CONTACT INFORMATION:**
If the pre-printed address to the left is incorrect or out of date, OR if there is no pre-printed data to the left, YOU MUST provide your current name and address here:

Name:
Address:

City/State/Zip:

Exhibit 1
Page 7



**FARMERS**

P.O. Box 30388
Los Angeles, CA 90030-3088



PRESORTED FIRST CLASS

LOS ANGELES CA MAR 07'01

U.S. POSTAGE
00.262
H METER 714815

### Important Insurance Policy Information: Open Immediately

V25  AUM3  60202

---

### Fair Credit Reporting Act Notification

 **FARMERS**

To underwrite your policy, various consumer reports were used. These reports provide information to assist with risk evaluation and risk placement. Your premiums were also determined, in part, from the information contained in these reports. A consumer report was furnished by the consumer reporting agency listed below at our request for insurance underwriting purposes.

You have the right, under the Fair Credit Reporting Act, to obtain a free copy of your consumer report from the consumer reporting agency listed below. This request must be made no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the consumer reporting agency. The consumer reporting agency did not make the decision regarding your policy and is unable to explain why the decision was made. If you have any questions, please contact your Farmers agent.

Trans Union Corp.
Consumer Disclosure Request
2 Baldwin Place
P.O. Box 1000
Chester, PA 19022
1-800-645-1938

25-7535    6-00

Exhibit 1
Page 8

**PAUL ANTONIO LACY**
*2712 Northwest 68th Street*
*Oklahoma City, Oklahoma 73116*
*405-879-1767*
*405-609-5944*
*Facsimile: 405-609-5932*
*E-Mail: Tony.Lacy@ATT.net*

Friday, August 26, 2011

Richard E. Norman
R. Martin Weber, Jr.
CROWLEY NORMAN, L.L.P.
Three Riverway, Suite 1775
Houston, Texas 77056

Timothy W. Snider
Barnes H. Ellis
STOEL RIVES LLP
900 SW 5th Street, Suite 2600
Portland, OR 97204

(a)   Heading:   *In re Framers Insurance Co. Inc., FCRA Litigation*
         Case No. CIV-03-158-F, MDL No. 1564

(b)   I object to the proposed settlement.

   1.   All this litigation and the settlement results in (A) a free credit report and (B) $35.00 for checking it. That is absurd.

      One can obtain a yearly credit report from Equifax for free, regardless of this settlement. Not only can one receive a yearly Equifax report for free, one can receive a free yearly report from TransUnion and Experian. See: www.annualcreditreport.com

      So, where is the $35.00 payment coming from? My insurance company? Isn't this expense simply going to be passed back to the policyholders through increased rates and charges?

      The Notice of Class Action Settlement does not explain why the settlement benefits the class. Nor does it explain why it benefits Farmers. What is the

Exhibit 1
Page 9

*Objection of Class Member Paul Antonio Lacy*
*In re Framers Insurance Co. Inc., FCRA Litigation*
*Case No. CIV-03-158-F, MDL No. 1564*
*Friday, August 26, 2011*
*Page 2*

financial risk to Farmers in the event it were to lose at trial? Is it that much greater than the total cost of the proposed settlement?

I have been getting credit reporting notices in my Farmers statements for years. I have used the Notice to obtain a free credit report. It clearly stated that I had a right to a free report.

What I find most offensive is the agreement to pay Class Counsel fees and costs up to $8,000,000.00 and an incentive award not to exceed $5,000.00 for each Class Representative for what appears to be little more than litigious opportunism.

I do not want any part of this settlement. I have been a Farmers policyholder for about twenty years. If the settlement goes through, I will seriously consider another insurer.

(c)   I do wish to be and be heard. As a multi-policy holder, I adamantly disagree with the proposed settlement because the monetary settlement and proposed attorney fees are not in the best interests of the Class as the costs will, in all probability, be passed directly or indirectly back to the Class. Some one needs to speak against this proposed settlement.

(d)   None.

(e)   I declare that I am a member of the class because I have had multiple Farmers Insurance policies (Home and Automobile) dating back to the early 1990's.

(f)   I am not represented by counsel.

Sincerely,

Paul Antonio Lacy

PAL:me

Exhibit 1
Page 10

FARMER1    WFWTextFile    Aug.10,2011    17:20

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARRY CORL, CYNTHIA L. HODNETT, NYLE CEARLOCK, ARLENE HANCOCK, DAVID L. WATTS, DONNA S. MOBBS and all others similarly situated<br>Plaintiffs<br><br>v.<br><br>FARMERS INSURANCE COMPANY, INC., FARMERS GROUP, INC., FARMERS INSURANCE EXCHANGE, FIRE UNDERWRITERS ASSOCIATION, FIRE INSURANCE EXCHANGE. and MID-CENTURY INSURANCE CO.<br>Defendants | Western District Case No. CIV-03-158-F,<br><br>FCRA Litigation<br><br>MDL No. 1564<br><br>The Honorable Stephen P. Friot<br><br>Class Action<br><br>This Document Relates to Corl, Watts & Mobbs |

## OBJECTION TO THE SETTLEMENT TERMS

My objection is to the NOTICE OF CLASS ACTION SETTLEMENT, paragraph #16 to wit:

> "Defendants have agreed to pay Class Counsels' Court-awarded attorneys' fees and costs, up to a total not to exceed eight million dollars ($8,000,000), and an incentive award not to exceed $5,000 for each Class Representative."

I find these sums to be quite outrageous. I cannot imagine that attorneys can justify 16,000 hours of time on this straight-forward case. These fees go well beyond reasonable especially in light of the trivial amount ($35.00) proposed to be awarded to the injured parties. I recommend lowering the attorneys' fees and increasing the award to those who were injured by the defendants' actions.

I do not choose to appear at the Fairness Hearing.

I maintained both household insurance and automobile insurance with Farmers Insurance Company, Inc. during the years 1999—2002. Since the policies expired, I have disposed of them and do not have specific policy numbers at this time.

I am not represented by Counsel in this matter at this time.

By: *John Lahr* (signature)    Date: 8-10-2011
John Lahr
201 Rue Touraine
Deer Park
Barrington, Illinois 60010

Submitted to:

| | |
|---|---|
| Richard E. Norman<br>R. Martin Weber, Jr.<br>Class Counsel<br>Crowley Norman, L.L.P.<br>Three Riverway, Suite 1775<br>Houston, Texas 77056 | Timothy W. Snider<br>Barnes H. Ellis<br>Defendants' Counsel<br>Stoel Rives LLP<br>900 SW 5th Ave., Suite 2600<br>Portland, OR 97204 |

Exhibit 1
Page 11

# *Jeffrey Vincent*
1 Clover Lane
Lumberton, Texas 77657
(409)755-1523

August 25, 2011

Re: Farmers Insurance Company, Inc. FCRA Litigation
Case No. CIV-03-158-F
MDL No. 1564

To Whom It May Concern:

I am a member of this class action. I object to the amount of attorneys' fees being paid to the lawyers representing the class. Eight Million Dollars ($8,000,000.00) is too much money for the amount of work done, especially when compared to the amount of money given to the class. The lawyers should be required to give the class members fair notice of the time and expenses spent working on this case prior to any hearings. I request an opportunity to review the attorneys' time and expenses. After reviewing these items I may have further objections.

I will not be able to travel to Oklahoma for the final hearing but hope you will take my objection to heart and deny class counsel's attorneys' fees.

Sincerely,

Jeffrey Vincent

Exhibit 1
Page 12

September 2, 2011

To: Mr. Norman, or Mr. Weber Jr.

I was insured with Farmers from September 28, 1999- September 28, 2002. After reading this information further, I feel as though I am in titled to more than the Thirty Five Dollars ($35.00). I feel as though I am in titled to what I have paid to them over all the years that I was insured with them. You can look at their records to see how much that I paid over those years. As well, I was also insured with them extending past this time.

Sincerely,

Bart Raynald Bouchard

Exhibit 1
Page 13

| MUST BE POSTMARKED ON OR BEFORE DECEMBER 28, 2011 | Farmers Ins. Co., Inc. FCRA Settlement<br>c/o The Garden City Group, Inc.<br>P.O. Box 9729<br>Dublin, OH 43017-5629<br>Toll-Free: 1-877-313-2291 | FGI  |

Claim Number: FGI04179247  Control Number: D174791842

ESTHER LENZY
1231 BUTLER DR
SAN ANTONIO, TX 78251-4947

**PLEASE VERIFY YOUR CONTACT INFORMATION:**
If the pre-printed address to the left is incorrect or out of date, OR if there is no pre-printed data to the left, **YOU MUST** provide your current name and address here:

Name: 
Address: 
City/State/Zip: 

# FARMERS FAIR CREDIT REPORTING ACT SETTLEMENT CLAIM FORM

*Farmers Insurance Co., Inc. FCRA Settlement*
Multidistrict Litigation Case No. 1564
U.S. District Court Case No. CIV-03-158-F (W.D. Oklahoma)

INSTRUCTIONS: Please complete this Claim Form to make a claim in the settlement that is described in the Notice of Class Action Settlement accompanying this Claim Form.

**IF YOU DO NOT WANT TO MAKE A CLAIM, PLEASE DISREGARD THIS FORM.**

**If you want to make a claim, your Claim Form must be postmarked on or before December 28, 2011.**

| PRIOR ADDRESS(ES)<br>(IF AT CURRENT ADDRESS FOR LESS THAN 2 YEARS) | Address: currently: 1231 Butler Drive<br>City: San Antonio  State: TX  Zip-code: 78251<br>Address: 7280 Marbach Rd #2401<br>City: San Antonio  State: TX  Zip-code: 78227 |
| FARMERS POLICY NUMBER(S)<br>(INCLUDE ONLY IF KNOWN, OTHERWISE DISREGARD) | 1. Auto 1923 20-23-56<br>   Auto - WC 20709 - agent 37 - 07/19/02<br>2. Home Owners - insurance - 916803-13-36<br>3.<br>4.  RECEIVED<br>    STOEL RIVES LLP<br>5.  By _____ |

QUESTIONS? VISIT WWW.FARMERSFCRASETTLEMENT.COM OR CALL TOLL FREE 1-877-313-2291.

PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET.

Exhibit 1
Page 14

Untitled

In re: Farmers Insurance Co., Inc. FCRA Litigation. Case No. CIV-03-158-F, MDL No 1564;

I object to the amount being given out 53.00???

After paying 9000.00 and I did find my auto insurance

full coverage I feel 5000.00 is adequate due to the

millions of dollars settlement that my money paid for

I'm requesting that 5000.00 is my best offer your

honor.                    Thank you

                          Esther Lenzy

I am a part of the Class. But fair is fair

RECEIVED
S[...] [...] LLP
By _____

Page 1

Exhibit 1
Page 15