UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **In re Farmers Insurance Co., Inc., FCRA Litigation** | ) Western Dist. Case No. CIV-03-158-F<br>) MDL No. 1564<br>) |
| **The Honorable Stephen P. Friot** | ) **This Document Relates to Corl, Watts & Mobbs**<br>) |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

The Settlement Agreement and Release of Claims between the Class Representatives, the Class Members they represent, Class Counsel, and Defendants Farmers Insurance Company, Inc., Farmers Insurance Exchange, Fire Insurance Exchange, Fire Underwriters Association, Mid-Century Insurance Company and Farmers Group, Inc. ("Defendants") provides for the settlement of *Mobbs v. Farmers Insurance Company, Inc.*, NO. 03-CV-158-F (W.D. Okla.); *Corl, et al. v. Farmers Insurance Company, Inc., et al.*, No. 03-CV-456 (E.D. Ark.), and *Watts, et al. v. Farmers Insurance Company, Inc., et al.*, No. 03-CV-4014 (W.D. Ark.), subject to approval by this Court of its terms and to entry of this Final Judgment.

Pursuant to this Court's Preliminary Approval Order, the Court scheduled a Fairness Hearing to consider the approval of the Agreement and the settlement reflected in it.

The Fairness Hearing was held before this Court on September 29, 2011, to consider, among other things, whether the Agreement should be approved by this Court as fair, reasonable, and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court, and whether Class Representatives' request for approval of incentive awards is reasonable and should be approved by this Court.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Order incorporates by reference the definitions in the Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Agreement, unless otherwise defined by this Order.

2. The Court finds that the notice to the class of the Agreement complies with Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and provided class members with the best notice practicable under the circumstances.

3. The Court finds that the Agreement is the product of good-faith, arm's-length negotiations by the Parties, each of whom was represented by experienced counsel.

4. The Court approves the settlement and all terms set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class Members, and the Parties to the Agreement are directed to consummate and perform its terms.

5. The Parties dispute the validity of the claims in this Class Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Agreement to be fair, reasonable, adequate, and in the best interests of the Class Members.  The relief negotiated by the Parties includes the ability for Class Members to obtain a free copy of their Equifax credit report, review that credit report for inaccuracies and errors, and receive a settlement payment of thirty-five dollars ($35.00) for obtaining their credit report and certifying they reviewed the credit report for inaccuracies and errors.  Class Members shall also receive an educational credit brochure explaining the importance of accurate credit reports and Class Members' rights to review their credit reports and dispute any inaccuracies or errors contained therein.  The Court finds that the uncertainties of continued litigation in trial and appellate courts, as well as the tremendous expense associated with it, balanced against the benefits to Class Members provided by the Agreement, weigh in favor of approval of the Agreement.

6. Any and all objections to the Agreement, objections to Class Counsel's request for approval of attorneys' fees and expenses, and objections to Class Representatives' request for approval of incentive awards have been considered and are hereby found to be without merit and are overruled.

7. The Class Action is dismissed with prejudice, and without costs to any party, except as expressly approved in paragraphs 9 and 10 below.

8. Upon the Effective Date, the Class Representatives, and each Class Member who has not opted out of the settlement in accordance with the terms of the Agreement, and each of their respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, guardians, and all those who claim through them or who assert claims on their behalf (including the federal or any state government in its capacity as *parens patriae*) will be deemed to have unconditionally, irrevocably, and completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, based on alleged violations of the Fair Credit Reporting Act, or any other federal, state, or local law, statute, regulation, or common law, and all claims for monetary, equitable, declaratory, injunctive, or any other form of relief arising thereunder, of whatever kind or nature, in law or in equity, whether known or unknown, suspected or unsuspected, matured or unmatured, fixed or contingent, apparent or concealed, under the law of any jurisdiction, which the Class Representatives or any Class Member ever had or now has, resulting from or arising out of the claims raised in the Class Action or the transactional nucleus of facts alleging failure to give any notice or to give adequate notice of adverse action, whether or not previously brought before any state or federal court or any state or federal or any other governmental agency. Nothing in the foregoing shall preclude any Class Member from also being a class member in *State of Texas v. Farmers Group, Inc.*, No. GV202501 (Travis County Dist. Ct., 261st Judicial Dist, Texas).

9. Class Representatives, and Class Members who did not opt out in accordance with the Agreement, are hereby enjoined from prosecuting any legal proceeding against any Released Party with respect to the claims released pursuant to the Agreement and dismissed by this Final Judgment and Order of Dismissal with Prejudice.

10. Class Counsel's request for approval of attorneys' fees and costs in the amount of $8,000,000.00 is approved.

11. Class Representatives' request for approval of an incentive award in the amount of $5,000 per Class Representative is approved.

12. Any person or entity wishing to appeal this Final Judgment shall post a cost bond with this Court in the amount of $15,000.00 as a condition to prosecuting the appeal.

13. If the Effective Date, as defined in the Agreement, does not occur for any reason whatsoever, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

14. Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

15. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice be, and hereby it is, entered as a final and appealable order.

IT IS SO ORDERED.

Dated: September 29, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

Farmers MDL p182.PO.wpd